**STATE of Missouri, Respondent,**

v.

**Jose Banuelos ARTEAGA, Appellant.**

**No. WD 71425.**

Missouri Court of Appeals, Western District.

March 9, 2010.

John A. Picerno, Kansas City, MO, for Appellant.

Jalilah Otto, Kansas City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Jose Banuelos Arteaga appeals the circuit court's denial of his request that costs be taxed against the Jackson County prosecutor after the circuit court accepted and entered judgment on the jury's verdicts finding Arteaga not guilty of murder in the second degree and armed criminal action. Arteaga contends that the prosecutor is liable to pay costs pursuant to section 550.080, RSMo 2000. Because the General Assembly repealed and amended the statutes regarding costs while this appeal was pending and changed who is responsible to pay costs, we reverse the circuit court's judgment in regard to costs only and remand for the circuit court to determine what costs Arteaga may recover against the State.

On April 4, 2008, the Jackson County Prosecutor's Office, on behalf of the State of Missouri, filed an indictment of one count of murder in the second degree and one count of armed criminal action against Arteaga. Following a trial, the jury acquitted Arteaga of all charges on May 21, 2009. The circuit court accepted the jury's verdicts and entered judgment on June 3, 2009.

On June 2, 2009, Arteaga filed a motion for costs pursuant to section 550.080 requesting that the court assess all costs in the case against the Jackson County Prosecutor's Office. Specifically, he requested payment for depositions and interpreter fees.[1] The circuit court denied the motion without a hearing, holding that Arteaga provided no citation to any legal authority that would make the Jackson County Prosecutor's Office liable for the list of costs requested by Arteaga.

On June 19, 2009, Arteaga filed an amended motion for costs to be assessed against the State of Missouri or Jackson County and asked that the court reconsider its previous order. In addition to requesting payment for depositions and interpreter fees, in his amended motion Arteaga requested payment for transcription costs of the suppression hearing and costs associated with photocopying the prosecutor's file. On August 13, 2009, the circuit court summarily denied the amended motion. Arteaga appeals.

In his only issue on appeal Arteaga contends that, because a jury acquitted him of the charges of murder in the second degree and armed criminal action, section 550.080 required the prosecutor to pay costs and the circuit court erred in denying his motion for costs. At the time the circuit court entered its order denying Ar-

teaga's motions for costs, section 550.080 said:

> If, upon the trial of any indictment or information, the defendant shall be acquitted or discharged, and the prosecutor or prosecuting witness shall be liable to pay the costs according to law, judgment shall be rendered against such prosecutor for the costs in the case, and in no such case shall the same be paid by either the county or state.

In addition to section 550.080, section 550.040, RSMo 2000, provided:

> In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictment or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law.

Both of these statutes were in effect at the time the circuit court entered its orders denying Arteaga's initial motion for costs against the prosecutor and Arteaga's amended motion for costs against the State or Jackson County. Thus, clearly at the time the circuit court entered its order denying Arteaga's motion for costs against the prosecutor, section 550.080 stated that if a defendant was acquitted and if the prosecutor "shall be liable to pay the costs according to law," the circuit court should enter judgment against the prosecutor for the costs in the case. Moreover, section 550.040 said that, if a defendant is acquitted in a case "in which imprisonment in the penitentiary [was] the sole punishment

---

1. There is some indication that the circuit court already ordered that a portion of the interpreter fees be paid.

for the offense, ... the costs shall be paid by the state ... except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law." Arteaga was charged with murder in the second degree and armed criminal action, and imprisonment in the penitentiary was the sole punishment for both offenses. Thus, pursuant to either section 550.080 or section 550.040, either the prosecutor or the State was responsible to pay costs in Arteaga's case. The circuit court, therefore, erred when it denied Arteaga's motions for costs against either the prosecutor or the State.

At the time Arteaga filed his motions for costs with the circuit court and at the time he filed his notice of appeal with this court, Arteaga was entitled to costs pursuant to either section 550.040 or section 550.080. However, after Arteaga filed his notice of appeal with this court, the General Assembly repealed section 550.080 and amended section 550.040. The amended section 550.040, RSMo Cum.Supp.2009, no longer references the prosecutor and now says:

> In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed.

Because of the repealing of section 550.080 and the amendment of section 550.040, the prosecutor is no longer responsible to pay costs.[2] The State, however, remains responsible for Arteaga's costs pursuant to section 550.040. We, therefore, remand

this case to the circuit court to determine what costs Arteaga may recover against the State.

All concur.

---

2. Pursuant to section 1.180, RSMo 2000, Arteaga's requests for costs against the prosecutor would not be governed by the now-repealed section 550.080 because "all proceedings had after the repeal becomes effective are governed by procedural rules and laws then in effect[.]" In this case, where the only question is who pays Arteaga's costs, the issue is clearly procedural.